**SIGNED THIS: October 25, 2007**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BRIAN GORDON HIATT, ) | Bankruptcy Case No. 07-90535 |
| ) | |
| Debtor. ) | |
| LISA SMITH-DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 07-9044 |
| ) | |
| BRIAN GORDON HIATT, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter having come before the Court on a Motion for Summary Judgment filed by Defendant, Brian Gordon Hiatt, and on a Cross Motion for Summary Judgment filed by Plaintiff, Lisa Smith-Davis; the Court, having heard arguments of counsel, reviewed written arguments of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows.

The Plaintiff filed a civil lawsuit against the Defendant in June 2004, in the Circuit Court of Kankakee County, Illinois, claiming damages for the Defendant's malpractice relative to his representation of her in a Kankakee County criminal case. The Defendant/Debtor filed a Chapter 7 bankruptcy petition on April 19, 2007, listing the Plaintiff as an unsecured creditor. Defendant/Debtor received a discharge in bankruptcy on August 13, 2007; however, the Plaintiff has timely filed the above-entitled adversary complaint seeking a determination that her claim was not dischargeable because it arose out of the acts of defalcation by the Defendant pursuant to 11 U.S.C. § 532(a)(4) of the United States Bankruptcy Code. The core material facts in this matter not disputed by the parties are as follows:

1. The Defendant/Debtor was an attorney licensed to practice law by the State of Illinois at all times relevant to the Plaintiff's Complaint.

2. The Defendant/Debtor was retained by the Plaintiff on or about October 19, 2001, to represent her regarding a felony criminal charge of aggravated unlawful use of a weapon, filed against her in the Circuit Court of Kankakee County, Illinois.

3. The Defendant/Debtor represented the Plaintiff in defense of the criminal charge from approximately October 19, 2001, until approximately May 7, 2002.

4. Following a jury trial, the Plaintiff was convicted of the criminal charge of aggravated unlawful use of a weapon.

5. Subsequent to the jury verdict, the Plaintiff discharged the Defendant/Debtor as her attorney and retained new counsel, who filed a motion for new trial alleging that Defendant/Debtor's ineffective assistance of counsel had led to the guilty verdict.

6. At the time of the Plaintiff's arrest, the Plaintiff gave a statement to police prior to being advised of her *Miranda* rights, the existence of which was disclosed to the parties in the discovery provided to Plaintiff by the Prosecutor's Office in Kankakee County, Illinois.

7. The Defendant/Debtor never considered, nor did he file a motion to suppress, the Plaintiff's statement to police, even though he was aware that the statement was given while the Plaintiff was handcuffed in the back of the squad car.

8. Defendant/Debtor never explained to the Plaintiff what a motion to suppress was, nor his basis for failing to file one.

9. Defendant/Debtor failed to contact or subpoena a witness having exculpatory knowledge concerning Plaintiff's alleged criminal conduct.

10. Circuit Court Judge Clark Erickson, of the Circuit Court of Kankakee County, Illinois, found that the Defendant/Debtor had been ineffective in failing to file a motion to suppress, and granted the Plaintiff's motion for new trial. Subsequent to the granting of a motion for new trial in State Court, Plaintiff filed a motion to suppress her statement, which was granted. At re-trial, the Plaintiff was acquitted by directed verdict.

Conclusions of Law

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy procedure 7056. Rule 56(c) reads in part:

> (T)he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); See also: Dugan v. Smerwick Sewerage Co., 142 F.3d 398, 402 (7th Cir. 1998). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. Trautvetter v. Quick, 916 F.2d 1140, 1147 (7th Cir. 1990); In re JII Liquidating, Inc., 341 B.R. 256, 263

(Bankr. N.D. Ill. 2006) (citations omitted).  The burden is on the moving party to show that no genuine issue of material fact is in dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  All reasonable inference drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion.  Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1032 (7th Cir. 1998).  "Summary judgment is not an appropriate occasion of weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial."  Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990).

There is, and can be, no dispute that the Defendant/Debtor was acting in a fiduciary capacity during his representation of the Plaintiff.  Maksym v. Loesh, 937 F.2d 1237 (7th Cir. 1991); and In re Marchiando, 13 F.3d 1111 (7th Cir. 1994).  The Seventh Circuit has further held that a "knowing breach of a fiduciary duty is more culpable than a mere negligent breach of duty," and does rise to the level of a defalcation.  Meyer v. Rigdon, 36 F.3d 1375 (7th Cir. 1994).

In considering this matter, this Court has carefully examined the well-reasoned decision of Judge John D. Schwartz, in the case of In re Howard, 339 B.R. 913 (Bankr. N.D. Ill. 2006), and, based upon the authority of that case, finds that the Plaintiff's Cross Motion for Summary Judgment should be granted.  The undisputed facts of this case, lead the Court to conclude that the Defendant/Debtor has been guilty of a defalcation while acting in a fiduciary capacity to the Plaintiff.  As such, any debt arising from the Plaintiff's pending civil lawsuit in the Circuit Court of Kankakee County, Illinois, in Case No. 04-L-77, is determined to be non-dischargeable in the Defendant/Debtor's Chapter 7 bankruptcy, pursuant to the provisions of 11 U.S.C. § 523(a)(4).

###