**SIGNED THIS: September 15, 2008**

_____
GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRIAN GORDON HIATT, | ) | Bankruptcy Case No. 07-90535 |
| | ) | |
| Debtor. | ) | |
| LISA SMITH-DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 07-9044 |
| | ) | |
| BRIAN GORDON HIATT, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

This matter having come before the Court on remand as ordered by the United States District Court for the Central District of Illinois, on May 28, 2008; the Court, having reviewed the decision of the District Court, the record of the instant adversary proceeding, arguments of counsel, and Defendant's Reply Brief in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, makes

the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On October 25, 2007, this Court entered an Opinion and Order allowing the Motion for Summary Judgment filed by Plaintiff, Lisa Smith-Davis, and denying the Motion for Summary Judgment filed by Defendant, Brian Gordon Hiatt. This Court found that there were no material facts in dispute and that the matter was ripe for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in bankruptcy by Rule 756 of the Federal Rules of Bankruptcy Procedure. In finding in favor of the Plaintiff, this Court concluded that the Defendant/Debtor was guilty of a defalcation while acting in a fiduciary capacity to the Plaintiff and that any debt arising from Plaintiff's pending civil lawsuit in the Circuit Court of Kankakee County, Kankakee, Illinois, Case No. 04-L-77, would be non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(4).

On November 2, 2007, Defendant, Brian Gordon Hiatt, filed a timely Notice of Appeal to the United States District Court for the Central District of Illinois. On May 28, 2008, the District Court entered an Order on the Defendant's appeal finding, in part, as follows:

> In its Findings of Fact, the bankruptcy court began with the comment that "the material facts in this matter are not in dispute and are, in pertinent part, as follows." The bankruptcy court then listed the joint undisputed facts plus two of the additional facts: (1) Hiatt never considered filing a motion to suppress Davis's statement to police even though he was aware that she had made the statement while handcuffed in the back of the squad car, and (2) Hiatt never explained a motion to suppress to Davis nor did he tell her why he failed to file one.

The District Court then found that:

> These facts are not necessarily undisputed because Hiatt was never given a chance to dispute them. Consequently, the bankruptcy court erred when it claimed all facts to be undisputed and then incorporated the additional facts into its Findings of Fact.

Based upon these findings, the District Court remanded the case for further proceedings consistent with its Order of May 28, 2008.

Following the remand to this Court by the District Court, the Plaintiff filed a Motion for Leave to Supplement Cross Motion for Summary Judgement (sic) and the Record. By this Motion, the Plaintiff sought to include the additional facts noted by the District Court in its May 28, 2008, Order as a part of the record in this adversary proceeding. No objections were filed to the Plaintiff's Motion, and an Order was entered on July 10, 2008, allowing the Plaintiff's Motion. Also, at hearing on July 10, 2008, the Defendant was given 30 days to file a further response to the Plaintiff's Cross Motion for Summary Judgement.

On August 9, 2008, the Defendant filed a Reply Brief in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment. A hearing was held on the Defendant's Reply and the Cross Motion for Summary Judgement on September 11, 2008. Both in his Reply and at hearing on September 11, 2008, the Defendant conceded that the additional material facts asserted by the Plaintiff in her Cross Motion for Summary Judgement were material and undisputed as follows: (1) the Defendant never considered filing a motion to suppress the Plaintiff's statement to police; (2) the Defendant never explained to the Plaintiff what a motion to suppress was; (3) the was the subject of a complaint filed by the Attorney Registration and Disciplinary Commission (ARDC) on April 29. 2006, the details of which are provided in Exhibit A of the Plaintiff's Motion for Summary Judgment; and (4) on March 19, 2007, the ARDC's Petition to Impose Discipline on Consent against the Defendant was allowed, the details of which are provided in Exhibit B of the Plaintiff's Motion for Summary Judgment. Having conceded that the additional facts asserted by the Plaintiff were material and undisputed, the Defendant still maintained that his debt to the Plaintiff was dischargeable in bankruptcy and that the undisputed facts did not give rise to the finding of this Court of non-dischargeability pursuant to 11 U.S.C. § 523(a)(4).

Now that all facts are properly a part of the record and have been admitted to as material and undisputed, this Court reiterates the Findings of Fact and Conclusions of Law

made in its Opinion and Order of October 25, 2007, and concludes that any indebtedness due from the Defendant/Debtor to the Plaintiff as a result of the undisputed facts clearly establishes that the Defendant/Debtor was guilty of a defalcation while acting in a fiduciary capacity to the Plaintiff and that such action is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).  The undisputed facts clearly establish that the Defendant/Debtor utterly failed in his fiduciary duty to the Plaintiff and that the Defendant/Debtor was guilty of a knowing breach of his fiduciary duty under the undisputed facts.

###